MARSHALL S. P. POLLARD *vs.* ROSWELL B. BURCHARD & others, trustees.

Essex.     March 24, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Land Registration.     Way,* Private.    *Estoppel.*

At the hearing on a petition for registration of the title to land bounding on a private way which had been laid out according to a plan by a company which was the common grantor of the petitioner and of the respondent, and which was used in common by all whose land was bounded thereon, it appeared that the respondent owned land abutting on the way and opposite to that of the petitioner, that the respondent was the successor of the company which laid out the way and owned the original plan and all the data regarding it, that a like petition previously had been filed by one S., who was the owner of other land bounding on the same way, of which both the petitioner and the respondent in this case were given notice, but that, after he had examined such petition, the respondent, finding that the plan submitted with it purported to be in accordance with his plan so far as the way was concerned, entered no appearance in that case, that the judge of the Land Court was not satisfied with the location of the way as shown on the plan filed by S. with his petition, and advised S. to secure the original data, which were in the possession of the respondent's engineer, that such engineer refused to give such data and thereupon S. procured data elsewhere from which a new plan was made, and the Land Court granted S.'s petition, locating the way so far as it bounded on his lots according to S.'s new plan.  The location was erroneous, but, if the Land Court had had the data which were in the possession of the respondent's engineer, no mistake would have been made.  It did not appear that the respondent ever was asked for or refused to give such data.  The petitioner in this case sought to have the way located as it had been decided to be in S.'s case.  The respondent contended that it should be located as it actually was laid out, namely, as it was on the original plan.  *Held,* that the decision in S.'s case applied only to S.'s lots and the part of the way on which they bounded ; *and,* that there was nothing in the circumstances to prevent the respondent's insisting upon having the way properly located where it bounded on his land.

PETITION for the registration of the title to a tract of land at Eastern Point, Gloucester, filed in the Land Court February 13, 1907.

The respondents are the successors of the company which, as stated in the opinion, originally laid out the large tract of which the petitioner's land was one parcel, and the original plan and all the data relating thereto were in the possession of their engineers, Aspinwall and Lincoln.

There was a hearing before *Davis*, J. The facts are stated in the opinion. At the close of the evidence, the respondents requested the judge to rule " that, in so far as the lines of the way were not determined in the Stacy case, they should be laid down according to the Aspinwall and Lincoln plan offered by the respondents in this case." The judge refused so to rule and ordered a decree for the petitioner according to the petitioner's plan, and the respondents excepted.

*R. L. Raymond*, for the respondents.

*G. C. Richards*, (*A. P. White* with him,) for the petitioner.

MORTON, J. The question in this case is whether the respondents are prevented, on the ground of estoppel or otherwise, by what was decided by the Land Court in the Stacy case, from showing as between themselves and the petitioner where the true lines of the way are so far as opposite lands of the petitioner and themselves are bounded upon it, and whether the Land Court was right in ordering a decree to be entered for the petitioner.

The material facts, the exceptions state, are contained in the decision of the Land Court which is given in full in the bill of exceptions. It appears that the petitioner and respondents and Stacy all derive title from a common grantor, a company owning a large tract of land which it laid out as delineated upon a plan which it caused to be recorded in the registry of deeds. The ways delineated upon this plan, including the way in question, are all private ways. Stacy was the owner of five lots all bounding on a way called Eastern Point Boulevard (West). Two of them also bounded respectively on ways called St. Louis Avenue and Lake Avenue. The petitioner's land bounds on Eastern Point Boulevard (West). The land of the respondents bounds in part on the Boulevard and in part on Lake Avenue. Stacy's lots are on both sides of the Boulevard, and one of them is on one side of the land of the petitioner, and another is on the other side. Stacy filed a petition for the registration of the title to all of his lots, describing and numbering them according to the aforesaid

plan in the registry of deeds and filing with this petition, as required, a plan which he claimed to be in accordance with the recorded plan. We assume, although it nowhere distinctly appears, that he asked in his petition to have the line of the Boulevard determined as the petitioner in this case has done. The respondents were duly notified of the pendency of the petition and "examined it and finding that it purported to be according to their own plan entered no appearance and took no further part in the matter." The Land Court was of the opinion, acting under the advice of its own engineer, that, while the original lines could be readily located upon the ground with the field notes and other data owned by the respondents and in the possession of their engineers, it would be difficult for any other engineer to locate them correctly without such data, and it accordingly advised Stacy to obtain such data. Stacy applied to the engineers employed by the respondent for it, and was refused.* There is nothing to show that he ever applied to the respondents, or that they ever had any actual knowledge of the application to their engineers. Thereupon in part through agreement between Stacy and other parties, except the respondents, and in part by the engineers employed by Stacy and such other parties, the lines of said Boulevard were determined for the Stacy lots, with a right as appurtenant thereto to use in common with others the Boulevard as located on a plan filed by Stacy. It is now in substance conceded, and the judge of the Land Court so finds, that the plan in the Stacy case did not accurately locate the Boulevard on the ground as shown in the original plan. But the judge also finds that if the parties and engineers in the Stacy case had had the data in the possession of the engineers of the respondents, the lines could have been

---

* The finding of the judge of the Land Court on this point was as follows: "The data were refused. What offers or requests for Aspinwall and Lincoln's own professional services in connection therewith may have been made does not appear and is immaterial. The data requested were the property of the respondents under whose predecessor the Stacy petitioner claimed title, and supplemented by a ground location the recorded plan to which the Stacy petitioner referred in his application for registration. The Stacy petitioner insisted upon his right to employ such engineer as he chose, provided his work should appear to be correct and consistent."

accurately located, and the neglect or failure of the respondents and their engineers to furnish such data is the estoppel relied on. If the lines established in the Stacy case are to be continued as the Land Court holds in this case, on general principles, that they ought to be, a small strip will be taken from land belonging to the respondents on the shores of Fresh Pond opposite to the land of the petitioner. No question as to prescriptive rights is involved, and the respondents concede that, notwithstanding the decision in the Stacy case was erroneous, they are bound by it so far as it established the lines of the Boulevard for the Stacy lots; but they contend that there is nothing in that case or in their conduct concerning it to prevent or estop them from showing where the true lines of the way are as between them and the petitioner. And we think that they are right.

The Stacy case only settled the title to the Stacy lots and the lines of the Boulevard so far as the Stacy lots bounded upon it. It did not settle and could not settle the lines of the Boulevard where opposite lands of the petitioner and of the respondents were bounded upon it. That issue was not involved in the case.

Neither do we see any ground on which the doctrine of estoppel can be invoked against the respondents in respect to that case. The respondents and their engineers have not done or said or omitted to do or say anything on which the petitioner had a right to rely and has relied in regard to the boundary of his lot on the Boulevard. The most that can be said is that, if they and their engineers had produced in the Stacy case the data in their possession and control, the result in that case would have been different and the lines would have been established according to the true location of the way. But that does not estop them from showing where the true lines are in this case.

The result is that we think that the respondents, as between themselves and the petitioner, are entitled to have the lines of the way determined according to their true location and that the exceptions should be sustained.

*So ordered.*